**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KITA TURNER,

    Plaintiff,

                                  CASE NO.

-vs-

EQUIFAX INFORMATION
SERVICES LLC and TRANSWORLD
SYSTEMS, INC.,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, KITA TURNER (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") and TRANSWORLD SYSTEMS, INC. (hereinafter "Transworld") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC, Trans Union LLC, and Experian Information Solutions, Inc. (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13. Transworld is corporation with its principal place of business in the State of Pennsylvania and is authorized to do business in the State of Florida through

its registered agent Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

14. Transworld is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15. Transworld furnished information about Plaintiff to Equifax that was inaccurate.

## FACTUAL ALLEGATIONS

16. Upon information and belief, Plaintiff is a victim of identity theft.

17. Plaintiff previously went by the name "Tabitha Grace Beaver," but had name change legally finalized on April 27, 2023.

18. Upon reviewing her credit, Plaintiff discovered two collection accounts on her credit reports that did not belong to her, one related to non-party LVNV, and another to Transworld.

19. Transworld was collecting on behalf of Xoom Energy, Plaintiff has never heard any account or relationship with a Xoom Energy.

20. Upon discovery, Plaintiff contacted Xoom Energy and the agent she spoke to said they have no record of any account linked to either a Kita Turner or a Tabitha Beaver. The Xoom Energy agent said the account in question as linked to a residence in Texas which Plaintiff has no knowledge of nor has ever lived at.

4

21. Beginning on or about September 2025 and going forward, Plaintiff mailed dispute letters to Equifax informing them of her updated name and accounts appearing on her credit report that do not belong to her and requesting they update their records to remove the inaccuracies.

22. While Plaintiff did receive some responses from Equifax, such as on September 27, 2025 (Confirmation #5269543056) and January 23, 2026 (Confirmation # 6022582558), no changes were made to correct her reports.

23. Plaintiff also mailed dispute letters to Transworld on or about October 9, 2025 and October 20, 2025, disputing the account they placed on her credit report which did not belong to her.

24. On or about March 3, 2026, Plaintiff also filed a Federal Trade Commission Identity Theft Report Affidavit detailing the LVNV and Transworld account appearing on her credit report that do not belong to her.

25. On or about March 18, 2026, Plaintiff mailed a detailed written dispute letter to Equifax via certified USPS mail (Tracking # 9589 0710 5270 3022 9138 98) wherein she explained Equifax still has her name wrong and that accounts are being reported that do not belong to her and requested they correct their records. To prove her identity Plaintiff included her address, date of birth and social security. She also included images of her driver's license and a current Verizon bill. She then also

included images of the false LVNV and Transworld accounts along with her FTC Report and a copy of the final judgment from her name change.

26.    While Plaintiff never received a response from Equifax, on or about April 21, 2026, Plaintiff pulled an updated Equifax credit report and while relieved to see Equifax had done the right thing and deleted the LVNV account, she was shocked to see Equifax still kept the false Transworld account on her credit report.

27.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather continually parroted information it received from Transworld.

28.    Equifax never attempted to contact Plaintiff during the alleged investigation.

29.    Upon information and belief, Equifax notified Transworld of Plaintiff's dispute. However, Transworld failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided Equifax in connection with the dispute investigation.

30.    If at any point during this process, had the Defendants conducted reasonable investigations, the results would have been different.

31.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.  Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.  Loss of time attempting to cure the error;

iii.  Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error;

iv.  Damage to her reputation as the false representations regarding the fraudulent account were published to third parties;

v.  Loss of the ability to benefit from lower interest rates; and

vi.  Apprehensiveness to apply for credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Solutions, Inc. (Negligent)

32.  Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

33.  Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

34. Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

35. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

36. Equifax violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided the Federal Trade Commission Identity Theft Reports, which contained sworn testimony of the fraud.

37. The conduct, action and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

38. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KITA TURNER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION

SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

39.    Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

40.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

41.    Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

42.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

43.    Equifax violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided the Federal Trade Commission Identity Theft Reports, which contained sworn testimony of the fraud.

44.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

45.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, KITA TURNER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

46.    Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

47.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing

to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

48.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

49.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

50.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

51.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, KITA TURNER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-

judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

52.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

53.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

54.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

55.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

12

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

56.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

57.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, KITA TURNER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT V
**Violation of 15 U.S.C § 1681s-2(b) as to
Defendant, Transworld Systems, Inc. (Negligent)**

58.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

59.     Transworld furnished inaccurate account information to Equifax, and through Equifax to all of Plaintiff's potential lenders.

60.     After receiving Plaintiff's disputes, Transworld violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the

13

account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

61.    Plaintiff provided all the relevant information and documents necessary for Transworld to have identified that the account did not belong to her.

62.    Transworld did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Transworld by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

63.    Transworld violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information Equifax after it had been notified that the information it was furnishing was inaccurate.

64.    As a direct result of this conduct, action, and/or inaction of Transworld, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

65.    The conduct, action, and inaction of Transworld was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

66.    Plaintiff is entitled to recover costs and attorney's fees from Transworld in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KITA TURNER, respectfully requests that this Court award actual damages against Defendant, TRANSWORLD SYSTEMS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Transworld, National Association F/K/K Discover Bank (Willful)

67.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

68.    Transworld furnished inaccurate account information to Equifax, and through Equifax to all of Plaintiff's potential lenders.

69.    After receiving Plaintiff's disputes, Transworld violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the

15

accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

70.    Plaintiff provided all the relevant information and documents necessary for Transworld to have identified that the account did not belong to her.

71.    Transworld did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Transworld by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

72.    Transworld violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

73.    As a direct result of this conduct, action, and/or inaction of Transworld, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

16

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

74.   The conduct, action, and inaction of Transworld was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

75.   Plaintiff is entitled to recover costs and attorney's fees from Transworld in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, KITA TURNER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANSWORLD SYSTEMS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KITA TURNER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC and TRANSWORLD SYSTEMS, INC., jointly and severally; attorneys' fees and costs;

17

prejudgment and post-judgment interest at the judgment rate; and such other relief

the Court deems just and proper.

DATED 30th day of April, 2026.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

*/s/ Octavio Gomez, Esq.*
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*

18